UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRACY BARBER,**

 **Plaintiff,**

v.                Case No: 8:10-CV-1113-T-30EAJ

**STATE OF FLORIDA, et al.,**

 **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the court construes as a motion for leave to proceed in forma pauperis.[1]

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted). Dismissal is also appropriate if review of the complaint reveals a lack of subject matter jurisdiction. See, e.g., Figueroa v. Poinciana Ass'n, No. 6:08-cv-830-Orl-19KRS, 2008 WL 3889623, at *1 (M.D. Fla. Aug. 20, 2008).

Plaintiff's complaint (Dkt. 1) names the "State of Florida" as Defendant. Although Plaintiff

---

[1] The motion has been referred to the undersigned for disposition or a report and recommendation (Dkt. 2). See 28 U.S.C. § 636(b)(1) (2009).

mentions the Fair Housing Act, 42 U.S.C. § 3601 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., she provides no facts to support claims against Defendant under these statutes. At most, Plaintiff's complaint may be construed as an attempt to assert a Fair Housing Act claim against Plaintiff's alleged former landlord. That party is not named in the case, however.

Plaintiff also appears to claim entitlement to public benefits offered by Defendant and that she was arrested unlawfully, but she does not allege supporting facts nor does she state the basis of federal jurisdiction over her allegations. Moreover, Plaintiff has failed to clarify which of her civil or constitutional rights were infringed and has otherwise failed to state a claim to relief under federal law that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007). Additionally, Plaintiff's "complaint" is in letter format and does not list Plaintiff's allegations in separately numbered paragraphs. See Fed. R. Civ. P. 10(b).

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2) be **DENIED WITHOUT PREJUDICE**;

(2) Plaintiff be granted an opportunity to file an amended complaint; and

(3) Plaintiff's failure to timely file an amended complaint result in dismissal of this matter for lack of subject matter jurisdiction and/or failure to state a claim. See also Local Rule 3.10(a), M.D. Fla.

**DONE** and **ORDERED** in Tampa, Florida on this 23rd day of June, 2010.

ELIZABETH A JENKINS
United States Magistrate Judge