UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRACY BARBER,**

    **Plaintiff,**

v.                               Case No: 8:10-CV-1113-T-30EAJ

**STATE OF FLORIDA,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Application to Proceed in District Court Without Prepaying Fees or Costs** (Dkt. 8).[1]

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted). Dismissal is also appropriate if review of the complaint reveals a lack of subject matter jurisdiction. See, e.g., Figueroa v. Poinciana Ass'n, No. 6:08-cv-830-Orl-19KRS, 2008 WL 3889623, at *1 (M.D. Fla. Aug. 20, 2008).

---

[1] The motion has been referred to the undersigned for disposition or a report and recommendation (Dkt. 2). See 28 U.S.C. § 636(b)(1) (2009). The court denied Plaintiff's first request to proceed in forma pauperis and granted Plaintiff an opportunity to amend her complaint (Dkt. 6). Plaintiff did so (see Dkt. 7) before refiling her in forma pauperis motion.

Although Plaintiff is indigent for purposes of § 1915, Plaintiff's motion to proceed <u>in forma pauperis</u> should be denied for failure to state a claim. Plaintiff's complaint (Dkt. 1) names the "State of Florida" as Defendant. Although Plaintiff mentions the Fair Housing Act, 42 U.S.C. § 3601 <u>et seq.</u>, and the Rehabilitation Act, 29 U.S.C. § 701 <u>et seq.</u>, she provides no facts to support claims against Defendant under these statutes. Instead, Plaintiff levels unsupported, rambling accusations against Polk County and "the faculty for community colleges, universities, technical training institutes, [and] high schools" for unspecified harassment and discrimination (Dkt. 7 at 1). Plaintiff avers that "[t]he majority of population for Florida consist of male adults and procured women having credit cards and money not earned legitimately..." (Id. at 2), and Plaintiff seeks relief because she has "been deprived most of [her] adult life of owning a home, business, education and quality healthcare for a more productive and prosperous lifestyle." (<u>Id.</u> at 1).

Plaintiff appears to claim entitlement to public benefits offered by Defendant, but she does not allege supporting facts nor does she state the basis of federal jurisdiction over her allegations. Moreover, Plaintiff has failed to clarify which of her civil or constitutional rights were infringed and has otherwise failed to state a claim to relief under federal law that is plausible on its face. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 569 (2007). Further, Plaintiff's "complaint" is in letter format and does not list Plaintiff's allegations in separately numbered paragraphs. <u>See</u> Fed. R. Civ. P. 10(b).

Accordingly, the undersigned recommends that:

(1) Plaintiff's **Application to Proceed in District Court Without Prepaying Fees or Costs** (Dkt. 8) be denied; and

(2) Plaintiff's Second Amended Complaint (Dkt. 7) be dismissed for failure to state a

claim (with leave to amend if appropriate).  See Local Rule 4.07(a), Middle District of Florida.

Dated: August 10 , 2010

_____
ELIZABETH A JENKINS
United States Magistrate Judge

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

Copies to:
Pro se Plaintiff
District Court Judge